UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN HATFIELD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | cv_____ |
| | : | |
| CONNECTICUT DIVISION OF | : | |
| CRIMINAL JUSTICE, | : | |
| JOHN RUSSOTTO, | : | |
| MATTHEW GEDANSKY, | : | |
|     Defendants. | : | MAY 29, 2009 |

COMPLAINT

1. This is an action brought by a prosecutor employed by the Connecticut Division of Criminal Justice alleging that she was discriminated against on account of her gender and because of her pregnancy in violation of the Title VII and state law. She further alleges that the individually named defendants have retaliated against her for filing complaints in violation of both Title VII and the First Amendment to the United States Constitution. She also brings supplemental state-law claims alleging violations of Connecticut General Statutes Sections 46a-60(a)(1), 46a-60(a)(4), 46a-58(a) as well claims for intentional infliction of emotion distress.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 2201(a) of Title 28 of the United States Code, Sections 1983 and 1988 of Title 42 of the United States Code, and Title VII of the Civil Rights Act of 1964 and 1991, Section 2000 et seq. of Title 42 of the United States Code.

3. The plaintiff, Susan Hatfied, was at all times relevant to this Complaint an adult resident of the State of Connecticut. She brings this action for acts and omissions arising out of

1

her employment as a prosecutor within the State of Connecticut employed by the Connecticut Division of Criminal Justice.

4. The Connecticut Division of Criminal Justice is an agency within the Executive Branch of the state government. The division acts through the Chief State's Attorney's Office in Rocky Hill, Connecticut, as final policy maker for employment decisions regarding state prosecutors. The division employs more than 15 persons.

5. John Russotto was at all times relevant to this action, and he remains, Deputy Chief State's Attorney for Administration, Personnel and Finance within the Connecticut Division of Criminal Justice. He is sued in his individual capacity only.

6. Matthew Gedansky was at all times relevant to this action, and he remains, State's Attorney for the Judicial District of Tolland. He is sued in his individual capacity only.

7. At all times relevant to this action each individual defendant was acting under color of law.

8. The plaintiff began to work for the Division of Criminal Justice as a prosecutor in January 2005. She was sworn in as a Deputy Assistant State's Attorney in Tolland County by Mr. Gedansky on February 3, 2006. While in Tolland, the plaintiff represented the state in criminal and motor vehicle matters, as well as with regard to felony, misdemeanor and infraction charges. She also reviewed arrest and search warrants, attended pre-trials and appeared on behalf of the state before the Psychiatric Review Board.

9. Throughout her employment in Tolland, the plaintiff received no employment reviews. No derogatory comments were placed in her employment file by her supervisors.

10. In January of 2007, the plaintiff received an annual salary increase. At the time she received the increase, she had not disclosed to any of her supervisors that she was, in fact, pregnant.

11. The plaintiff completed her one year probationary period of employment in Tolland on February 2, 2007. At the time she completed this probationary period, she had not disclosed to any of her supervisors that she was, in fact, pregnant.

12. Throughout her probationary period and up until the plaintiff left on a maternity leave on June 29, 2007, she represented the state in a series of trials, all of which resulted in convictions of those accused of crimes.

13. The plaintiff left the Tolland office on maternity leave on June 29, 2007, and returned from leave on September 9, 2008.

14. The plaintiff informed her supervisors, including Mr. Gedansky, that she was pregnant in the beginning of April 2007.

15. Immediately after informing her supervisors of her pregnancy, the plaintiff was subject to minute and pretextual scrutiny designed to demoralize her. The true purpose of this campaign of harassment was intended to assure that she left her present assignment in Tolland volitionally before she went on medical leave. If she were to leave voluntarily, her supervisors could have filled the position with a person medically able to remain on the job.

16. The acts and omissions constituting this pretextual scrutiny and harassment include, but are not limited to the following hostile acts:

a. Refusing to make reasonable accommodations to her medical condition in terms of observing law enforcement responses to the Uconn Spring Weekend;

b. Unwarranted criticism for leaving status notes on the files of cases on which she had worked;

c. Intrusive questioning about how long the plaintiff planned to be out on maternity leave;

d. Criticizing the plaintiff for closing her office door too often;

e. Criticizing the plaintiff about the manner in which she hung her coat up in her office;

f. Criticizing the plaintiff's penmanship;

g. Criticizing the plaintiff for her manner and style of asking for guidance from supervisors;

h. Criticizing the plaintiff for her manner and style of conducting pre-trial negotiations;

i. Criticizing the plaintiff for being too "easy" with adversaries;

j. Criticizing the plaintiff about her preparedness for trials which she had taken to verdict, and won;

j. Demanding to know where the plaintiff spends her lunch hours and what she does on the weekends and evenings;

k.                         Having a secretary make photocopies for her.

17.     None of the criticisms and comments referred to in the preceding paragraphs were levied against the plaintiff during her probationary period. They only began once she announced she intended to take a maternity leave. Indeed, no other prosecutor in the Tolland unit has ever been subject to reviews of this sort.

18.     The plaintiff complained to her supervisors that terms and conditions of employment had been created for her and her alone, placing the Division on actual notice of the discriminatory treatment of her.

19.     The plaintiff then requested a transfer from the Tolland, and that request was initially denied.

20.     While the plaintiff was on leave, Mr. Russotto instructed another prosecutor not to discuss the plaintiff's complaints as they were "petty."

21.     On November 2, 2007, I accepted a position in the Statewide Prosecution Bureau in Rocky Hill. I was to start during the first week of March 2008. It was a permanent position provided for in the Division's Voluntary Schedule Reduction Program.

22.     Before the plaintiff could fill that position, and before she could return to work from her maternity leave, she was informed that the Division intended to eliminate the position. She was also informed that the position was going to be reposted.

23.     The Division's decision to eliminate the position was in retaliation for her complaint about discrimination.

24. Believing that the Division was engaged in a deliberate pattern and practice of discrimination, the plaintiff complained to Gov. N. Jodi Rell and other public officials about matters of public concern.

25. The plaintiff was scheduled to return to work from her maternity leave on June 27, 2008. In the absence of an assignment elsewhere, she was expected to return to the Tolland County.

26. The plaintiff was reluctant to return to work in Tolland given the hostile work environment she had endured. When she made her fears known to the Division, it extended her maternity leave. During this period, the plaintiff sough assignment to an opening in the Statewide Prosecution Bureau.

27. The plaintiff finally returned to work on September 9, 2008, and was assigned a position in the Statewide Prosecution Bureau. She was asked by the Division to withdraw an internal union grievance. When she did so, the Division transformed the position into a temporary position.

28. During this period, the Division sought applicants for the plaintiff's a "new" position in Tolland County.

29. The plaintiff's assignment to a position deemed temporary deprives her of employment opportunity within the division.

30. The acts of each individually named defendant were intentional and inspired by malice.

31.     The plaintiff filed timely EEOC and CHRO complaints and has requested both a right to sue letter and a release of jurisdiction letter from the respective agencies. This action is timely filed.

32. As a direct and proximate result of the acts and omissions described herein, the plaintiff has suffered loss of pay, emotional distress, loss of employment opportunity and the loss of her rights as described herein.

WHEREFORE, the plaintiff seeks damages as follows:

a) Compensatory damages;

b) Punitive damages;

c) Attorney's fees and costs;

d) Such other relief as this Court deems fair and equitable.

### **JURY CLAIM**

The plaintiff claims trial by jury.

THE PLAINTIFF

By_____
NORMAN A. PATTIS
649 Amity Road
Bethany, CT 06524
203.393.3017
203.393.9745 (fax)